IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**August 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BRANDON HICKS,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-31**    (Cir. Ct. Mercer Cnty. Case No. CC-28-2024-C-135)

**KAREN BARNETT,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brandon Hicks appeals the September 13, 2024, order from the Circuit Court of Mercer County granting respondent Karen Barnett's motion to dismiss and the circuit court's December 18, 2024, order denying Mr. Hicks' motion to alter or amend. Ms. Barnett filed a response.[1] Mr. Hicks filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the circuit court's decision is affirmed, in part, vacated, in part, and this case is remanded for further proceedings consistent with this decision.

Mr. Hicks is a licensed real estate broker in West Virginia, and Ms. Barnett is a licensed real estate salesperson. Both are members of the West Virginia Association of Realtors ("WVAR"), which is a voluntary membership organization for real estate professionals.[2] WVAR, through the National Association of Realtors ("NAR"), has promulgated a Code of Ethics for its members and uses a Code of Ethics and Arbitration manual for disciplinary actions for members who have been found to commit ethics violations. Specifically, the WVAR has adopted the NAR's Code of Ethics and Arbitration

---

[1] Mr. Hicks is represented by Christopher D. Negley, Esq., and Roberta F. Green, Esq., Shuman McCuskey Slicer PLLC. Ms. Barnett is represented by J. Mark Adkins, Esq., and William M. Lorensen, Esq., Bowles Rice LLP.

[2] Membership in the WVAR is not a requirement to engage in the practice of real estate (as a salesperson or a broker) in West Virginia. *See* West Virginia Code §§ 30-40-1 through -21.

manual, which states, in pertinent part, that "as a condition of continued membership every member expressly waives any cause of action for libel, slander, or defamation that might arise from the filing or consideration of any ethics complaint []."

On September 21, 2022, it is undisputed that Ms. Barnett filed an ethics complaint, in the form of a written letter, with the WVAR grievance committee against Mr. Hicks related to a Facebook post Mr. Hicks made regarding the sale of a residential property. More than a year later, on May 31, 2024, Mr. Hicks filed the underlying complaint against Ms. Barnett, asserting claims for defamation, libel, and intentional infliction of emotional distress, related directly to Ms. Barnett's ethics complaint against Mr. Hicks.

On June 20, 2024, Ms. Barnett filed a motion to dismiss, arguing Mr. Hicks and Ms. Barnett were both members of the WVAR and that Mr. Hicks was bound by the WVAR Code of Ethics which barred his claims. On August 12, 2024, the circuit court held a hearing on this motion. On September 13, 2024, the circuit court entered an order granting the motion to dismiss on all claims with prejudice and found that Mr. Hicks' claims were waived due to his membership in WVAR. On September 23, 2024, Mr. Hicks filed a Motion to Alter or Amend the Dismissal Order pursuant to Rules 52(b) and 59(e) of the West Virginia Rules of Civil Procedure. In his motion to alter or amend, Mr. Hicks argued that his membership in the WVAR and NAR was not voluntary, that restricting his commercial speech was a violation of his First Amendment rights, and that the circuit court needed to amend its order to include additional findings of fact and conclusions of law. The circuit court held a hearing on this motion on December 16, 2024, and on December 18, 2024, entered its order denying the motion to alter or amend. It is from these orders that Mr. Hicks now appeals.

This Court reviews a circuit court's rulings on a motion to dismiss under a de novo standard of review. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."). "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977) (citation omitted).

As to a motion to alter or amend, the Supreme Court of Appeals of West Virginia ("SCAWV") has held that "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to [Rule 59(e) of the West Virginia Rules of Civil Procedure] is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. American Travellers Life Ins.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). With these standards in mind, we now turn to the arguments of counsel.

2

On appeal, Mr. Hicks asserts three assignments of error. In his first and third assignments of error, which we will address together, he argues the circuit court erred in granting Ms. Barnett's motion to dismiss and in denying his motion to alter or amend. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error). Based upon our review of the record below, we find no error as it relates to dismissal of Mr. Hicks' claim for defamation and libel.

Here, it is undisputed that both Mr. Hicks and Ms. Barnett are members of the WVAR and the NAR, which are private organizations that offer voluntary participation for interested parties in the real estate profession. It is further undisputed that in the regulations of the WVAR and the NAR, members of those organizations "as a condition of membership" waive any cause of action for libel, slander, or defamation that might arise from the filing or consideration of any ethics complaint." We find such language clear, explicit, and unambiguous.[3] In the instant case, Mr. Hicks filed the underlying case, alleging defamation and libel, directly in response to the ethics complaint filed by Ms. Barnett, as he identifies only Ms. Barnett's communication relaying his alleged ethics violation as defamatory and libelous.

West Virginia courts have consistently held that members of private organizations mutually assent to the terms of membership by virtue of continuing their membership. *See Bluestem Brands, Inc. v. Shade*, 239 W. Va. 694, 699, 805 S.E.2d 805, 810 (2017) (holding that a plaintiff's "continued use" of a credit card "plainly constitutes mutual assent" to an arbitration agreement); *Citizens Tel. Co. of W. Va. v. Sheridan*, 239 W. Va. 67, 73, 799 S.E.2d 144, 150 (2017) ("We find the contract and modification at issue in the present case analogous to an employee handbook in that Frontier agreed to provide Internet service pursuant to its Terms and Conditions, which would be accepted by Respondents by continuing to subscribe to the service while under no obligation to do so."); *New v. GameStop, Inc.*, 232 W. Va. 564, 573, 753 S.E.2d 62, 71 (2013) ("the unambiguous language of the GameStop C.A.R.E.S. Rules that were separate from the Handbook, and the Acknowledgment signed by the petitioner, coupled with the petitioner's continued employment with GameStop, clearly demonstrate that the parties mutually assented to arbitrate all covered workplace disputes or claims."). Because Mr. Hicks continues to remain a member of the WVAR and NAR, he has agreed to be bound by its rules and regulations, which includes a waiver of his right to file any claims of libel, slander, or defamation arising from the filing of an ethics complaint. Accordingly, we find that Mr.

---

[3] The SCAWV has defined ambiguity as "language reasonably susceptible to two different meanings or language of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning." *Payne v. Weston*, 195 W. Va. 502, 507, 466 S.E.2d 161, 166 (1995), *quoting* Syllabus Point 1, in part, *Shamblin v. Nationwide Mut. Ins. Co.*, 175 W. Va. 337, 332 S.E.2d 639 (1985).

Hicks can prove no set of facts in support of his claim for defamation and libel, which would entitle him to relief and find no error in the circuit court's dismissal, with prejudice, of his claims for defamation and libel.[4]

We further recognize under *Moschonas v. Charles Town General Hospital* that an argument which could have been presented in the response to the motion to dismiss but was not is deemed waived when first asserted in a motion to alter. 251 W.Va. 306,---, 912 S.E.2d 299, 310 (Ct. App. 2025). In reviewing the record, Mr. Hicks failed to argue the mandatory nature of his membership and violation of the First Amendment in his response to the motion to dismiss. The first time these arguments are advanced by Mr. Hicks are in his Rule 59(e) motion to alter or amend. Therefore, these issues are untimely raised and not properly preserved for appellate review.

As to his underlying claims of intentional infliction of emotional distress against Ms. Barnett, we find that the circuit court did not address the same in its September 13,

---

[4] On appeal, Mr. Hicks suggests that the circuit court erred by failing to determine whether Mr. Hicks' underlying Facebook post was "commercial speech" or whether it arose "from a real estate related activity." We disagree and find that this suggestion is simply a red herring. The issue presently before this Court is the propriety of the circuit court's ruling on Ms. Barnett's motion to dismiss related to Mr. Hicks' filing of the underlying complaint alleging defamation and libel. It is not necessary for this Court to determine the propriety of the ethics allegations filed by Ms. Barnett against Mr. Hicks, and we decline Mr. Hicks' invitation to do so. The wavier at issue prohibits the filing of any defamation, libel, or slander cases related to an ethics complaint, and does not require that the underlying ethics complaint be sustained. Additionally, a determination of whether Mr. Hicks' Facebook post arose from a real estate related activity is of no consequence, as the waiver at issue is not limited to statements that arise from a real estate related activity, but those which arise from the filing of any ethics complaint.

We further note that in his underlying complaint, Mr. Hicks acknowledges that he is a member of the WVAR. However, now and during a December 16, 2024, hearing, Mr. Hicks implied that his membership in the WVAR and the NAR was not "voluntary," by suggesting that he would not be able to use the multiple listing service ("MLS") without such membership, and that "no realtor can practice realty without the [MLS]." As noted by the West Virginia Legislature, the provisions of the West Virginia Code addressing the practice of real estate in West Virginia (West Virginia Code §§ 30-40-1 through -21), do not require membership in any organization, such as the WVAR or the NAR, or the use of any programs like the MLS, to engage in the practice of real estate in West Virginia. While it certainly would be more productive and efficient for a real estate salesperson or broker to have access to the MLS and the resources afforded by membership in the WVAR and the NAR, such access is optional and participation in organizations facilitating access to the MLS, such as the WVAR and the NAR, is voluntary in nature.

2024, order granting Ms. Barnett's motion to dismiss. Specifically, the court stated "[b]ecause the [c]ourt finds [Ms. Barnett's] first argument [prohibition of defamation claims] to have merit, the [c]ourt declines to address the other arguments proffered by [Ms. Barnett] in [her motion]." Accordingly, we remand this matter to the circuit court and direct that the court enter an order containing sufficient findings of fact and conclusions of law to support its ruling on dismissal of Mr. Hicks' claim for intentional infliction of emotional distress. We further direct that the circuit court conduct any additional hearings on this issue that it deems necessary prior to entry of any future order.[5]

As to his second assignment of error, Mr. Hicks argues the circuit court erred by making factual determinations outside the record. We disagree. Here, Mr. Hicks' underlying complaint explicitly averred that both parties are members of the WVAR and made reference to the WVAR and NAR Code of Ethics and the Code of Ethics and Arbitration Manual. The waiver provision set forth in the NAR Code of Ethics and Arbitration Manual here is akin to a contract, and the determination of whether a contract applies is a legal determination not a factual one. Syl. Pt. 6, *Romeo v. Antero Res. Corp.*, 917 S.E.2d 26 (W. Va. 2025) ("The question as to whether a contract is ambiguous is a question of law to be determined by the court."). Thus, based on the language of the complaint, the circuit court correctly determined that Mr. Hicks is a member of the WVAR, that he continues to be a member of this organization, and that, as a result, he has agreed to abide by the Code of Ethics and its waiver provision. As a result, we find no error in the circuit court's ruling in this regard.

Accordingly, we affirm, in part, the circuit court's September 13, 2024, and December 18, 2024, orders as to the dismissal of Mr. Hicks' underlying claim for defamation and libel. We vacate, in part, the circuit court's September 13, 2024, and December 18, 2024, orders, to the extent that the circuit court intended dismissal of Mr. Hicks' underlying claim for intentional infliction of emotional distress and remand this matter to circuit court for entry of an order addressing Mr. Hicks' claims for intentional infliction of emotional distress to permit meaningful appellate review of that issue.

---

[5] Additionally, we acknowledge that the circuit court's orders on appeal are very brief and do not formally set forth any findings of facts and conclusions of law in support of the circuit court's rulings. However, such brevity does not preclude our consideration of the circuit court's dismissal of Mr. Hicks' underlying claim for defamation and libel. As held, in part, by the SCAWV in Syllabus Point 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965) that on appeal, the SCAWV may ". . . affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment."

Affirmed, in part, Vacated, in part, and Remanded, with directions.


**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Judge Daniel W. Greear
Judge S. Ryan White


Chief Judge Charles O. Lorensen, not participating.